UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WALTER J. ROACHE,

                        Plaintiff,

    -against-                                      9:13-CV-0253 (LEK/DEP)

MICHAEL HOGAN, *et al.*,

                        Defendants.

_____

**DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Walter J. Roache ("Plaintiff") commenced this action *pro se* in March, 2013, seeking relief for the alleged violation of his constitutional rights during his confinement at Central New York Psychiatric Center ("CNYPC"). Dkt. No. 1 ("Complaint"). In his Amended Complaint, Plaintiff alleges that he has been improperly denied access to his legal and personal property at CNYPC and that, as a result, he "lost" several legal actions pending in the Northern and Eastern Districts of New York (and possibly in state court). See generally Dkt. No. 5 ("Amended Complaint"). Before the Court is Plaintiff's Motion for a preliminary injunction. Dkt. No. 17 ("Motion"). Defendants Michael Hogan, Jeff Nowicki, Shelby Ferguson ("Ferguson"), and Donald Sawyer (collectively, "Defendants") oppose the Motion. Dkt. No. 19 ("Response").

**II.    LEGAL STANDARD**

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consol. Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To prevail on a motion for preliminary injunctive relief, a plaintiff must

demonstrate irreparable harm and either: (1) a substantial likelihood of success on the merits of the claim; or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in her favor. Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. Id.; see also Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted).[1]

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd., 437 F. App'x 57, 58 (2d Cir. 2011) (quoting Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009)). Speculative, remote, or future injury is insufficient. Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983). Rather, a movant must demonstrate that "absent a preliminary injunction [she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Bisnews AFE, 437 F. App'x at 58.

---

[1] Under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. See 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, a court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. See 18 U.S.C. § 3626(a)(1)(A).

**III.    DISCUSSION**

Plaintiff seeks to enjoin Ferguson from "harassing, threatening, and tormenting" him, searching his room, and entering his housing unit.  Mot.  As alleged in Plaintiff's supporting affidavit, Ferguson directed two civilian guards to search Plaintiff's room, summoned Plaintiff out of the dayroom several times for no reason, and called Plaintiff insulting names behind his back during November and December of 2013.  Id. at 3-4.  Plaintiff claims that Ferguson engaged in this misconduct in retaliation for this action.  Id.

Defendants argue that Plaintiff's allegations, even if true, "are patently insufficient to demonstrate that plaintiff has suffered or will suffer any irreparable harm."  Resp. at 1.  Ferguson also assert that the alleged events did not occur.  See Dkt. No. 19-1 ("Ferguson Declaration").  He states that he was not involved in any search of Plaintiff's room during November and December of 2013, nor did he summon Plaintiff from the dayroom during that time.  Id. at 3-4.  In fact, Ferguson states that he did not speak to Plaintiff during that period.  Id.[2]

The Court cannot discern how the complained conduct could cause Plaintiff irreparable harm.  And Plaintiff has not showed either a likelihood of succeeding on the merits or sufficiently serious questions on the merits and a balance of hardships tipping decidedly toward him.  See generally Mot.

To the extent the Motion seeks to supplement the Complaints with facts or additional claims arising since the time of filing, the Court invites him to do so.  Although courts have discretion to grant or deny a motion to amend, see Foman v. Davis,  371 U.S. 178, 182 (1962), leave should be

---

[2] Ferguson also denies Plaintiff's assertion that he acted in retaliation, stating that he was not aware that he was a Defendant in this action until after Plaintiff had filed his Motion.  Ferguson Decl. at 2.

3

granted "freely . . . when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Court does not entertain motions to amend in the absence of a signed amended complaint. Therefore, if Plaintiff does seek to add additional claims, he is instructed to file an amended complaint.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 17) for preliminary injunction is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:   March 31, 2014
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge