UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER J. ROACHE,

                                  **Plaintiff,**

v.

                                                                            9:13-CV-0253 (BKS/DEP)

**MICHAEL HOGAN,** *Associate Commissioner;*
*Forensics Service of Mental Health, et al.,*

                                  **Defendants.**
_____

**Appearances:**

**Walter J. Roache**
Manhattan Psychiatric Center
Ward's Island Complex
300 E 125 Street
New York, NY 10035
Plaintiff, pro se

**Adrienne J. Kerwin, Esq.**
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, U. S. District Judge**

### MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff pro se Walter Roache brought this action against defendants Michael Hogan,

Donald Sawyer, Jeff Nowicki and Shelby Ferguson under 42 U.S.C. § 1983 alleging that he was improperly denied access to his legal papers at the Central New York Psychiatric Center (CNYPC) in Marcy, New York and, as a result, lost the opportunity to pursue appeals in a pending federal and state case. Dkt. No. 5. On October 17, 2014, defendants filed a motion for summary judgment seeking to dismiss the amended complaint. Dkt. No. 40. Plaintiff filed a response in opposition. Dkt. No. 44. The motion was referred to United States Magistrate Judge David E. Peebles who, on August 7, 2015, issued a Report and Recommendation ("R & R") recommending that defendant's motion for summary judgment be granted in part and denied in part. Dkt. No. 49. Magistrate Judge Peebles recommended: (1) that all of plaintiff's claims asserted against defendants Nowicki, Sawyer and Hogan be dismissed, and (2) that plaintiff's denial of access to the courts and retaliation claims asserted against defendant Ferguson survive defendants' motion and be set for trial. Dkt. No. 49, at 38-39.

Plaintiff has filed a timely, verified response to the Report and Recommendation. Dkt. No. 50. Defendant has not responded to this response. After reviewing plaintiff's response, the Court adopts the Report and Recommendation in its entirety for the reasons set forth below.

## II. Standard of Review

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* Properly raised objections must be "clearly aimed at particular findings" in the Report.

2

*Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *1, 2014 U.S. Dist. LEXIS 170985, at *3 (S.D.N.Y. Dec. 9, 2014); *Petersen*, 2 F. Supp. 3d at 228. When a party files "merely perfunctory responses," attempting to "engage the district court in a rehashing of the same arguments set forth in the original petition," the report will be reviewed for clear error only. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006).

### III. Background

In his amended complaint, plaintiff alleges that when he was transferred from Fishkill Correctional Facility on April 29, 2010 to the Central New York Psychiatric Center (CNYP), he had active pending legal cases; that he was not permitted to go through all of his legal papers, which were placed in long term storage; and that, as a result, he lost his right to appeal in a pending federal case and a pending state case. Dkt. 5; Dkt. No. 49, pp. 2-7.[1] Plaintiff sought damages from defendant Shelby Ferguson, who was in charge of long-term storage at the CNYPC, and three defendants to whom plaintiff complained after Ferguson allegedly ignored plaintiff's requests: (1) defendant Nowicki, the Chief of the Mental Health Treatment Services for the Sex Offender Treatment Program at CNYPC; (2) defendant Sawyer, the then-Executive Director of the CNYPC; and (3) defendant Hogan, the then-Commissioner of the Office of Mental Health. Dkt. 5. As Magistrate Judge Peebles noted, in addition to a claim for denial of access to the courts, the complaint, liberally construed, alleges a claim for retaliation, namely that the defendants precluded plaintiff from accessing his legal papers in retaliation for the

---

[1] The Court adopts the thorough background of this case set forth in Magistrate Judge Peebles' Report and Recommendation.

plaintiff's commencement of an Article 78 proceeding to obtain access to his property. Dkt. No. 5; Dkt No. 49, p. 28.

In his Report and Recommendation, Magistrate Judge Peebles concluded that plaintiff has raised triable issues of fact regarding his claims against Ferguson for denial of access to the courts and retaliation, and recommended that the defendants' motion for summary judgment be denied as to those claims against Ferguson. Dkt. No. 49, p. 38-39. Magistrate Judge Peebles recommended that all of plaintiff's claims against defendants Nowicki, Sawyer and Hogan be dismissed. *Id.* Magistrate Judge Peebles concluded that Hogan's referral of a letter which he had received from plaintiff to another individual for response was insufficient to establish Hogan's personal involvement in the denial of access to courts claim. Dkt. No. 49, pp. 12-13. Magistrate Judge Peebles recommended that the denial of access to courts claims against Sawyer and Nowicki be dismissed because there was no record evidence that they acted deliberately and maliciously. Dkt. No. 49, p. 23-24.

Magistrate Judge Peebles recommended that plaintiff's retaliation claim be dismissed against Hogan and Sawyer because there was no evidence from which a reasonable fact finder could find that either of these defendants took an adverse action in retaliation for the plaintiff's Article 78 proceeding. Dkt. No. 49, pp. 32-33. Magistrate Judge Peebles recommended that the retaliation claim against Nowicki be dismissed because plaintiff failed to raise a triable issue of fact that Nowicki retaliated against plaintiff. Dkt. No. 49, pp. 31-32.

### III. Plaintiff's Objections to the Report and Recommendation

To the extent that plaintiff has specifically objected to the findings and recommendations

in Magistrate Judge Peebles' Recommendation and Recommendation, the Court has reviewed those objections de novo.[2]

### A. Plaintiff's Factual Objections

Plaintiff argues that "the issue of importance" is the "sole year" of 2010, because he arrived at the CNYPC on April 29, 2010 and, "[a]t the end of 2010," his federal and state case were "'dead' and or dismissed, moot, denied." Dkt. No. 50, p. 2. Magistrate Judge Peebles, however, identified plaintiff's federal action related to good time credits as a case that was not dismissed until February 22, 2012. Dkt. No. 49, pp. 18-19. In any event, plaintiff's objection is irrelevant because Magistrate Judge Peebles has recommended that plaintiff's denial of access to the courts claim be set for trial.[3]

Plaintiff's other factual objections are similarly unsupported and irrelevant. Plaintiff argues that it is "totally wrong" to discuss the incident in which he was called to go through his papers in long term storage as one incident because there were in fact two. Dkt. No. 50, pp. 3-4. Plaintiff states that he walked out the first time, when he was taken to the fourth floor to go through his papers, and defendant Shelby Ferguson refused to help plaintiff cut the heavy duty tape surrounding the boxes. Dkt. No. 50, p. 3-5. Plaintiff states that the second time he was

---

[2] The Court has not considered plaintiff's factual allegations that have nothing to do with Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 50, pp. 8-9 (complaining that staff take pictures of a resident's room before staff searches but not after the searches and noting that defendant Nowicki said they would look into it); *Id.*, pp. 9-10 (complaining that CNYP fails to file reports or investigations of staff assaults on residents).

[3] Evidence of events occurring after 2010 is also related to plaintiff's claim that the defendants retaliated against him for commencing an Article 78 proceeding. Dkt. No. 49, pp. 26-33.

taken to review his papers, on September 6, 2011, after Judge Clark had ordered that plaintiff be allowed to organize his property, Ferguson said that "he didn't care what the Judge said, he wasn't giving me nothing." *Id*. at 4. This objection is irrelevant because Magistrate Judge Peebles has recommended that plaintiff's claims against defendant Ferguson, for denial of access to the courts and for retaliation, be set for trial.

Plaintiff states that there was a discrepancy between the amount of time defendant Nowicki told Judge Clark that it would take Ferguson to respond to a resident's request for long term storage, and the time stated in declarations filed by Nowicki and Ferguson in this case. *Id.*, at 7-8, 11. Whereas Nowicki told the judge assigned to the Article 78 hearing that they would try to get a box from long term storage for plaintiff "as soon as [they] could," but it may "be a week, it could be two weeks," Ferguson filed an affidavit with the Court stating that he tries to respond to resident's requests for items from long term storage "as soon as possible, but usually within 5 business days." Dkt. No. 40-2, p. 3. Again, this objection is irrelevant because Magistrate Judge Peebles has recommended that plaintiff's claims against defendant Ferguson be set for trial.

**B. Plaintiff's Legal Objections**

Plaintiff primarily argues that Hogan, Sawyer and Nowicki should be held responsible for Ferguson's denial of access to plaintiff's legal papers.[4] Plaintiff states that Hogan, Nowicki and

---

[4] Plaintiff's discussion of qualified immunity, Dkt. No. 50, pp. 13, 16, is irrelevant because Magistrate Judge Peebles recommended rejecting defendants' argument regarding qualified immunity. Dkt. No. 49, p. 38. Plaintiff's discussion of how he was unable to prevail in his two pending legal cases, Dkt No. 50, p. 19-21, is irrelevant because Magistrate Judge Peebles

6

Sawyer refused to get involved in this matter, and argues that they should be held liable for "refusing to instruct" Ferguson to turn over plaintiff's legal papers. Dkt. No. 50, pp. 13-16, 18, 20-21.

As Magistrate Judge Peebles noted, to establish a denial of access to courts claim, a plaintiff must show that the defendant acted with invidious intent and that the plaintiff suffered an actual injury. Dkt. No. 49, p. 16; *see Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *Jean-Laurent v. Lawrence*, No. 12-CV-1502 (JPO), 2015 WL 1208318, at *5, 20015 U.S. Dist. LEXIS 32567, at *10 (S.D.N.Y. Mar. 17, 2015). Personal involvement of an individual defendant in an alleged constitutional deprivation "is a prerequisite to an award of damages under § 1983." *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001). *See* Dkt. No. 49, pp. 10-12.

The case law on which plaintiff relies, *Williams v. Smith*, 781 F.2d 319 (2d Cir. 1988) and *Turpin v. Mailet*, 619 F.2d 196 (2d Cir. 1980), Dkt. No. 50, p. 12,does not support his claim that Hogan, Sawyer and Nowicki should be held responsible for denying plaintiff access to his legal papers. *See, e.g., Williams*, 781 F.2d at 323-24 (finding issue of fact regarding the personal responsibility of a superintendent for depriving plaintiff of the right to call witnesses at a disciplinary hearing when the superintendent affirmed the plaintiff's disciplinary conviction on administrative appeal and "given the frequency with which [the correctional facility] has violated inmates' rights to call witnesses during [the superintendent's] tenure, [may have] accept[ed] a custom or policy at [the correctional facility] allowing that unconstitutional practice to occur")

---

concluded that plaintiff had raised a triable issue of fact regarding whether he suffered an actual injury by the denial of access to his legal papers. Dkt. No. 49, p. 22.

(citations omitted); *Turpin* , 619 F.2d 196 (noting that allegation of a second unlawful arrest claimed to have been caused by a city's policy was sufficient to raise an issue of fact regarding municipal liability under 42 U.S.C. § 1983, but reversing conviction of city for insufficient evidence to support municipal liability).

With respect to Hogan, as Magistrate Judge Peebles noted, a supervisor who refers a matter to a subordinate for investigation is not personally responsible, and absent any additional evidence regarding Hogan's involvement in denying plaintiff access to his legal papers, there is insufficient evidence of his personal responsibility. Dkt. No. 49, p. 13; *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). The Report and Recommendation is therefore adopted with respect to the access to courts claim against defendant Hogan. With respect to Sawyer and Nowicki, plaintiff has not objected to Magistrate Judge Peebles' conclusion that there is no record evidence that they acted deliberately and maliciously. Dkt. No. 49, pp. 23-24. Magistrate Judge Peebles' Report and Recommendation is therefore adopted with respect to the access to courts claim against Sawyer and Nowicki.

The Court has reviewed, for clear error, the portions of the Report and Recommendation to which plaintiff has not specifically objected, and found none.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 49) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that defendant's summary judgment motion (Dkt. No. 40) is **GRANTED IN PART AND DENIED IN PART**, and it is further

**ORDERED** that plaintiff's claims against defendants Nowicki, Sawyer and Hogan in the amended complaint (Dkt. No. 5) are **DISMISSED with prejudice**; and it is further

**ORDERED** that defendants Nowicki, Sawyer and Hogan are **DISMISSED** from this action; and it is further

**ORDERED** that to the extent plaintiff asserts a Sixth Amendment claim based on his allegation regarding defendant Ferguson's presence for plaintiff's review of his property on September 6, 2011, it is **DISMISSED with prejudice**; and it is further

**ORDERED** that plaintiff's denial of access to the courts and retaliation claims asserted against defendant Ferguson survive defendants' motion and will be set down for trial; and it is further

**ORDERED** that Clerk of the Court is directed to provide plaintiff with copies of the unpublished opinions cited in this Decision and Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: September 11, 2015
      Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge